UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2006 FEB 13 1P 3: 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

JOSHUA HUNDY,

           Plaintiff,

v.                                  Case No. 3:05-cv-1333-J-25MMH

SERGEANT D.J. CARWENBERGHS,
et al.,

           Defendants.

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. # 1) (hereinafter Complaint) on December 30, 2005. His Complaint relates to prison conditions. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir.

2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)). "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander, 159 F.3d at 1325; see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

From a review of the grievances appended to the Complaint (Doc. #1), it is clear that Plaintiff grieved his claims through the administrative grievance procedure and that the matter was referred to the Office of the Inspector General for appropriate action. Plaintiff admits that the matter is "still under investigation." See Plaintiff's Response to the Court's [Order] Dated January 6, 2006 (Doc. #5), filed January 19, 2006, at 2. Therefore, Plaintiff's case should not have been filed without first exhausting his available administrative remedies. For this reason, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action after the Inspector General's investigation has been completed, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this /3t day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

ps 2/13
c:
Joshua Hundy

3